O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

BERNICE JEANETTE ARANDA,

   Plaintiff,

vs.

NANCY BERRYHILL, Acting Commissioner of Social Security,

   Defendant.

Case No. 5:16-CV-00542 (VEB)

DECISION AND ORDER

## I. INTRODUCTION

In April of 2010, Plaintiff Bernice Jeanette Aranda applied for Supplemental Security Income and Disability Insurance benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorneys, The Law Offices of Rohlfing and Kalagian, LLP, Marc V. Kalagian, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 13, 25, 26). On February 9, 2017, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 24).

## II. BACKGROUND

Plaintiff applied for benefits on April 12, 2010, alleging disability beginning March 26, 2010. (T at 242-47, 248-49).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On October 17, 2011, a hearing was held before ALJ Milan Dostal. (T at 42). Plaintiff appeared with her attorney and testified. (T at 47-52). The ALJ also received testimony from Alan Boroskin, a vocational expert. (T at 52-57).

On January 19, 2012, ALJ Dostal issued a written decision denying the applications for benefits. (T at 89-104). On July 18, 2013, the Appeals Council

---

[2] Citations to ("T") refer to the administrative record at Docket No. 18.

2

DECISION AND ORDER – ARANDA v BERRYHILL 5:16-CV-00542-VEB

| | |
|---|---|
| 1 | granted Plaintiff's request for review and remanded the matter for further |
| 2 | proceedings. (T at 105-110). |
| 3 | A second administrative hearing was conducted by ALJ Sharilyn Hopson on |
| 4 | March 24, 2014. (T at 60). Plaintiff appeared with her attorney and testified. (T at |
| 5 | 63-77). The ALJ also received additional testimony from Mr. Boroskin, the |
| 6 | vocational expert. (T at 77-80). |
| 7 | ALJ Hopson issued a written decision on June 5, 2014, denying the |
| 8 | applications for benefits. (T at 17-37). ALJ Hopson's decision became the |
| 9 | Commissioner's final decision on February 12, 2016, when the Appeals Council |
| 10 | denied Plaintiff's request for review. (T at 1-7). |
| 11 | On March 24, 2016, Plaintiff, acting by and through her counsel, filed this |
| 12 | action seeking judicial review of the Commissioner's denial of benefits. (Docket No. |
| 13 | 1). The Commissioner interposed an Answer on September 6, 2016. (Docket No. |
| 14 | 17). The parties filed a Joint Stipulation on January 3, 2017. (Docket No. 23). |
| 15 | After reviewing the pleadings, Joint Stipulation, and administrative record, |
| 16 | this Court finds that the Commissioner's decision must be affirmed and this case be |
| 17 | dismissed. |

## III. DISCUSSION

**A.     Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a

medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

6

DECISION AND ORDER – ARANDA v BERRYHILL 5:16-CV-00542-VEB

1 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

7

DECISION AND ORDER – ARANDA v BERRYHILL 5:16-CV-00542-VEB

## C. Commissioner's Decision

ALJ Hopson determined that Plaintiff had not engaged in substantial gainful activity since March 26, 2010, the alleged onset date, and met the insured status requirements of the Social Security Act through June 30, 2014 (the "date last insured"). (T at 22). The ALJ found that Plaintiff's posterior subcapsular/polar cataract in the left eye, myopia, astigmatism, presbyopia, degenerative macularedema, degenerative disc disease of the lumbar spine, nerve degeneration, minimal spondylosis, scoliosis, bilateral torn rotator cuffs, obesity, depression, and anxiety were "severe" impairments under the Act. (Tr. 22-23).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 23).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand/walk for 6 hours in an 8-hour workday, sit for 6 hours in an 8-hour workday, frequently climb stairs, never climb ladders/ropes/scaffolds, occasionally bend/stoop/kneel/crouch/crawl/twist, never work above shoulder level bilaterally, not be required to read or see anything smaller than 9 point print, and perform

moderately complex tasks with a Specific Vocational Preparation (SVP) score of 4 or less. (T at 25).

The ALJ concluded that Plaintiff could perform her past relevant work as a retail sales clerk. (T at 30). Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between March 26, 2010 (the alleged onset date) and June 5, 2014 (the date of the decision) and was therefore not entitled to benefits. (T at 31). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 23, at p. 4), Plaintiff offers a single argument in support of her claim that the Commissioner's decision should be reversed. She argues that the ALJ's residual functional capacity determination is not supported by substantial evidence.

### IV. ANALYSIS

An ALJ's assessment of the claimant's residual functional capacity ("RFC") must be upheld if the ALJ has applied the proper legal standard and substantial evidence in the record supports the decision. *Bayliss v. Barnhart*, 427 F.3d 1211,

9
DECISION AND ORDER – ARANDA v BERRYHILL 5:16-CV-00542-VEB

1217 (9th Cir. 2005). The ALJ must consider all the medical evidence in the record and "explain in [her] decision the weight given to . . . [the] opinions from treating sources, nontreating sources, and other nonexamining sources." 20 C.F.R. § 404.1527(e)(2)(ii); see also § 404.1545(a)(1).

In determining the claimant's RFC, the ALJ considers those limitations for which there is support in the record and need not consider properly rejected evidence or subjective complaints. *See Bayliss*, 427 F.3d at 1217; *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that the ALJ was not required to incorporate into RFC findings from treating-physician opinions that were "permissibly discounted").

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

**A.    Physical RFC**

In this case, the ALJ concluded that Plaintiff retained the RFC to, *inter alia*, stand and/or walk for 6 hours in an 8-hour workday. (T at 25). However, in June of 2010, Dr. Joseph Hohl, a treating physician, opined that Plaintiff needed to "lead a very sedentary life." (T at 427).  In August of 2013, Dr. Hohl completed a

"checkbox" physical medical source statement, wherein he stated that Plaintiff could stand and/or walk for less than 2 hours in an 8-hour workday. (T at 526).

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

The ALJ discounted Dr. Hohl's opinions and concluded that Plaintiff's physical RFC exceeded Dr. Hohl's assessment, including his evaluation of Plaintiff's ability to stand and walk. (T at 29). This Court finds the ALJ's decision supported by substantial evidence.

Dr. Hohl's June 2010 letter indicating that Plaintiff needed to "lead a very sedentary life" (T at 427) relates to an issue reserved to the Commissioner and is, thus, not entitled to any special weight. *See* 20 C.F.R. §404.1527(d)(3), § 404.1527(d)(1); SSR 96-5p, *Ram v. Astrue*, 2012 U.S. Dist. LEXIS 183742 (C.D.

Cal. Nov. 30, 2012) ("a treating physician's opinion regarding the ultimate issue of disability is not entitled to any special weight"); *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

The ALJ reasonably concluded that Dr. Hohl's "checkbox" physical medical source statement was conclusory and lacking in sufficient clinical and objective support. The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Moreover, the ALJ outlined the treatment history, which consisted of generally unremarkable physical examinations (full range of motion, normal gait, normal motor strength/sensation/reflex) and mild or minor X-ray findings. (T at 29). The ALJ reasonably concluded that the treatment history was not consistent with the significant limitations assessed by Dr. Hohl. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

The ALJ's RFC determination is also supported by the assessment of Dr. Anh Tat Hoang, an orthopedic specialist who performed a consultative examination in

February of 2011. Dr. Hoang opined that Plaintiff could, *inter alia*, stand and/or walk for 6 hour in an 8-hour workday. (T at 490).

Plaintiff notes, correctly, that Dr. J. Hartman, a State Agency review physician, concluded that Plaintiff could stand/walk for "at least" 2 hours in an 8-hour workday, which arguably suggests greater limitation than assessed by the ALJ. (T at 30). However, the ALJ reasonably concluded that this non-examining opinion was inconsistent with the treatment record (which contained generally unremarkable clinical findings and X-ray results) and with the opinion of Dr. Hoang, who had the opportunity to examine Plaintiff in person.

In sum, the record contains conflicting evidence concerning Plaintiff's physical limitations. Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Hohl's more restrictive assessment. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the

Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.     Mental RFC**

As part of his step two and step three analysis, the ALJ concluded that Plaintiff had mild difficulties with social functioning and moderate difficulties with respect to maintaining concentration, persistence, or pace. (T at 24). The ALJ's RFC determination indicates that Plaintiff retained the RFC to perform moderately complex tasks with a Specific Vocational Preparation (SVP) score of 4 or less, but contains no other limitations regarding Plaintiff's ability to perform the mental demands of work-related activity. (T at 25). Plaintiff argues that these conclusions are contradictory and that the ALJ erred by failing to include the social and concentration/persistence/pace limitations in the RFC determination and in the hypothetical questions posed to the vocational expert.

Plaintiff relies on the Ninth Circuit's unpublished disposition in *Hutton v. Astrue*, 491 F. App'x 850, 851 (9th Cir. 2012), in which the court held that the ALJ's

14

DECISION AND ORDER – ARANDA v BERRYHILL 5:16-CV-00542-VEB

failure to consider the claimant's mild mental limitations in determining RFC was legal error requiring remand.

However, the ALJ in the present case, unlike the ALJ in *Hutton*, carefully considered the evidence related to Plaintiff's mild mental impairments and, thus, did not commit reversible error in deciding not to incorporate them into the RFC determination or hypotheticals presented to the vocational expert.

For example, the ALJ expressly stated that her RFC determination incorporated the social and concentration/persistence/pace limitations assessed at steps two and three. (T at 24). In particular, the ALJ noted that Plaintiff lives in an apartment with her husband, two daughters, and two grandchildren; she walks to the market with her grandchildren, performs household chores, talks on the telephone, and attends church. (T at 24, 29). She has sufficient concentration to drive, write emails, and read devotional literature. (T at 24). Plaintiff does not cite to evidence of mental health treatment or medical opinions suggesting that the mild to moderate limitations assessed by the ALJ impacted Plaintiff's ability to perform work-related activities beyond the limitations already included in the RFC determination. Thus, this Court finds no error as to the ALJ's conclusion that Plaintiff's mild social difficulties and moderate limitations regarding concentration/persistence/pace were adequately considered and accounted for in the RFC determination.

In sum, the applicable Regulations require the ALJ to "consider" the limiting effect of all impairments, including those that are non-severe, but it does not require the ALJ in every case to "include" those limitations in the RFC determination and/or in the hypothetical questions presented to the vocational expert. *See* 20 CFR § 404.1545 (e).

"Provided the ALJ does not rely on boilerplate language, but actually reviews the record and specifies reasons supported by substantial evidence for not including the non-severe impairment [in the RFC determination], the ALJ has not committed legal error." *Medlock v. Colvin*, No. CV 15-9609-KK, 2016 U.S. Dist. LEXIS 145692, at *13 (C.D. Cal. Oct. 20, 2016).

In other words, "[u]nlike the ALJ in *Hutton*, the ALJ in this case thoroughly considered the medical evidence related to Plaintiff's mild mental impairment at step four before choosing not to include the limitation in the RFC determination. Consequently, the ALJ's omission was not legal error." *Medlock*, 2016 U.S. Dist. LEXIS 145692, at *14; *see also Sisco v. Colvin*, No. 13-01817, 2014 U.S. Dist. LEXIS 84614, *7-8 (N.D. Cal. June 20, 2014) (holding that ALJ was not required to include mental limitations in hypotheticals where ALJ determined that claimant's mental impairments were "generally mild in nature" and imposed "no significant functional limitations").

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. The ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED this 8th day of August, 2017,

<u>/s/Victor E. Bianchini</u>
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE